Hale, J.
The action in the court below was upon an insurance policy by the defendant in error against the plaintiff in error. In his petition he sought to recover for losses which he had sustained in the destruction of property by tíre on the 21st day of August, 1894. Two claims are made by which it is said this judgment should be reversed. First, that the verdict was against the evidence, and therefore the motion for a new trial on that ground should have been granted. That claim is not well taken, at least we do not sustain it.
Secondly, it is claimed that there was error in the charge of the court. The policy contained this clause:
“This policy shall be void in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after the loss. ”
Proper allegations were made in the answer claiming that there had been false swearing by the insured in the making up of his proof of loss. Suffice it to say that the exact question arising upon this charge is this: When the actual *469 losses exceed the whole amount of the insurance, will a knowingly and purposely false statement on oath in the proof of loss, destroy the plaintiff’s claim for his actual losses under this policy? The facts being that the proof of loss included property other than that covered by the policy,and the statement was that the loss sustained amounted to more than $2,000.00. The amount of the policy was $700.00. The jury found the value of the property,or loss sustained, to be exactly the amount named in the policy. It was contended upon one side that a fraudulent statement in the proof of loss, false swearing purposely with intent to deceive, although the losses were equal to the amount of the policy, avoided the policy, while on the other band it was said that it was immaterial,
The court charged the jury in defining what would constitute fraud under the policy:
“The representations must be false; they must have been made by the plaintiff knowing them to have been false, and they must have been made with the intent to deceive and defraud. Some discrepancy in value, or some discrepancy between the amount which you might find the property to have been worth, and the amount which the plaintiff claimed it was worth in his proof of loss, would not be sufficient to establish fraud, showing that it must be a- corrupt swearing on the part of the claimant.”
Then the court says:
“Where the actual value of the property destroyed by the fire exceeds the amount of loss, then any misrepresentation, although fraudulent, in the proof of loss, or in the sum of any schedule of statements, is of no consequence whatever, and constitutes no defense against the liability of the defendant. That is, although the plaintiff did make false and fraudulent representations of the extent and character of the property which he had insured, exaggerated its quantity, exaggerated its quality, exaggerated its value in the schedules attached to the proof of loss, yet if, as a matter of fact, the property which was in the building *470 covered by the insurance exceeds the sum of the insurance, it would not constitute a defense.”
Independent of authority, it might not seem strange that the court would so charge the jury. I think it would possibly, without an examination, be supposed that that was law. But answering this same question, the reasoning of which we adopt, is a case found in 82nd Maine, 266.
After putting the question precisely as I have put it, which is: “Will such false swearing. avoid the policy?” the court say:
‘‘We cannot doubt that it will; the parties stipulated that it should; it is so provided in the contract, and it is a lawful provision. It is impracticable for the insurers to ascertain for themselves the extent of the losses, particularly where the contents of a dwelling-house and barn are insured” (as in this case). ‘‘The assured and his family or servants are usually the only persons who can give a true account of the loss. The insurers, therefore, usually, as in this policy, require from the assured a detailed statement on oath of such losses as area necessary preliminary to the payment of the indemnity. When, therefore, he meets this demand with knowingly false statements of losses he did not sustain in addition to those he did sustain, he ought to lose all standing in a court of justice as to any claim under that policy. The court will not undertake for him the offensive task of separating his true from his false assertions. Fraud in any part of his formal statement of loss taints the whole. Thus corrupted, it should be wholly rejected and the suitor left to repent that he destroyed his actual claim by the poison of his false claim.”
We examined beyond this for authorities, and find none in conflict with it. In the case reported in the 110 U. S. 81, a statement was made in the proof of loss exaggerating the amount of the loss, not for any purpose of deceiving the insurance company, but the insured had made a statement to a commercial agency exaggerating the property that he had on hand, and when he made out the proof of loss to the *471 company, although he knew his actual loss was more than the amount in the policy, he put into his proof of loss an exaggerated statement of the property he had lost for the purpose of covering up his tracks in the statement that he made to the commercial agency, and the Supreme Court of the United States say that even was such a fraud as to avoid the policy.
Dickey, Brewer & McGoioan, for Plaintiff in Error.
Heisley & Selzer, for Defendant in Error.
Finding nothing to sustain this charge in the authorities we have examined, and finding these direct authorities against it, we feel compelled to reverse the judgment and remand it for a new trial for error in the charge of the court.